IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAVARIUS MONTREGO THOMPSON, | : : : | CIVIL ACTION NO. 1:07-CV-0066-RWS |
| Plaintiff, | : : | |
| v. | : : | |
| MICHAEL A. ZENK; et al., | : : | BIVENS ACTION 28 U.S.C. § 1331 |
| Defendants. | : : | |

## ORDER

Plaintiff, Lavarius Montrego Thompson, a federal inmate confined at the Federal Correctional Complex in Forrest City, Arizona, has submitted the instant pro se civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). By Order entered April 13, 2007, this Court allowed only Plaintiff's excessive force claim to proceed past the initial screening under 28 U.S.C. § 1915A. [Doc. 6]. This matter is presently before the Court on a motion for summary judgment filed by several of the named Defendants (hereinafter referred to as "Defendants").[1] [Doc. 20].

---

[1] Defendants originally filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. 20]. However, by Order entered October 23, 2007, this Court converted the motion to dismiss into a motion for summary judgment and provided Plaintiff with twenty days to respond. [Docs. 21 and 22]. On November 13, 2007, Plaintiff filed his response to this summary judgment motion. [Doc. 23].

I. **Background**

Plaintiff's excessive force claim arises in connection with his stay at the Federal Prison Camp in Atlanta, Georgia ("FPC-Atlanta"). Plaintiff seeks monetary relief against the following Defendants in their individual capacities: (1) FPC-Atlanta Warden Michael A. Zenk; (2) Correctional Officer Montgomery; (3) Lieutenant Davis; (4) Assistant Warden Roby; (5) Correctional Officer Thompson; (6) Case Manager T. Masters; and (7) Unit Manager A. Kingston.[2] Plaintiff alleges that these prison officials, either directly or indirectly, used excessive force against him.

Specifically, Plaintiff states that he was brutally attacked at the FPC-Atlanta by Defendants Davis, Montgomery, Thompson, and two unknown correctional officers. [Doc. 1 at 3]. Plaintiff further states that "[a]ll of the defendants acted as one continuous, fluid, and stable unit, with a 'chain of command' and 'organizational hierarchy' in place to direct the actions of the correctional officers who directly took part in the cruel and unusual beating of the Plaintiff." [Id. at 9]. Finally, Plaintiff alleges that, as a result of the beating, he suffered a severely-swollen face, bleeding from the facial wounds, severe headaches, and blurred vision. [Id. at 5, 7].

---

[2] In their motion for summary judgment, Defendants state that there are no employees at the Atlanta federal prison named Lieutenant Davis or Assistant Warden Roby. [Doc. 20, Memorandum of Law at 1 n.1].

2

Defendants seek dismissal of the instant action under 42 U.S.C. § 1997e(a) based on Plaintiff's failure to exhaust all available administrative remedies. [Doc. 20, Memorandum of Law at 4-6]. In response, Plaintiff acknowledges that he has not exhausted all of his administrative remedies prior to filing the instant action. [Doc. 23 at 1]. Plaintiff contends, however, that exhaustion should be excused because: (1) he has now started the administrative exhaustion process; (2) exhaustion is futile on the basis that "the BOP will not pay out any monetary damages to an inmate"; and (3) no available remedy exists due to the BOP's policy never to pay monetary damages to an inmate. [Id. at 1-2 (emphasis in original)]. Plaintiff requests that this court "temporarily suspend proceedings in this case" if it determines that Plaintiff must exhaust his available administrative remedies. [Id. at 3-4].

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to summary judgment if the pleadings and other documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering a summary judgment motion, a court must "view the evidence and all factual inferences therefrom in the light most favorable" to the non-movant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). The moving party bears the initial burden of showing that it is entitled to judgment as a matter of law, Apcoa, Inc. v. Fidelity Nat'l Bank, 906 F.2d 610, 611 (11th Cir. 1990), which it may do by showing "that there is an absence of evidence to support the nonmoving party's case," Celotex, 477 U.S. at 325. Once the moving party has properly supported its motion, the nonmoving party must then "come forward with specific facts showing that there is a genuine issue for trial," i.e., that the evidence is sufficient to support a jury verdict in its favor. Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (internal quotations omitted).

B.   Analysis

To state a claim for relief under Bivens, a plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law. Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). The Prison Litigation Reform Act ("PLRA"), however, provides that "a prisoner confined in any jail, prison, or other correctional facility" may not bring suit under federal law to challenge prison conditions "until such administrative remedies as are available are exhausted." 42

4

U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to Bivens actions. Porter v. Nussle, 534 U.S. 516, 524 (2002).

In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit Court of Appeals recognized that the "PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Id. at 1155 (quoting Porter, 534 U.S. at 532). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson, 418 F.3d at 1155 (quoting Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). Furthermore, there is no futility exception to the exhaustion requirement. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," and "there is no longer discretion to waive the exhaustion requirement").

In Irwin v. Hawk, 40 F.3d 347 (11th Cir. 1994), the Eleventh Circuit outlined the following process for exhausting administrative remedies pursuant to the BOP's administrative remedy procedure:

> The BOP's administrative remedy procedures is a three-tiered process whereby an inmate may redress the deprivation of any right to which he is entitled .... The process commences with the inmate's presenting a complaint to a staff member at the facility where he . . . is housed. 28 C.F.R. § 542.13(a). If this informal resolution is not successful, the

> inmate may file a formal written complaint, on the appropriate form, with the warden at the local institution level. 28 C.F.R. § 542.13(b) . . . . If unsatisfied with the warden's response, then the inmate may appeal within twenty days of the response to the regional director. 28 C.F.R. § 542.15. If unsatisfied at the regional level, then the inmate has thirty days from the date of the regional director's response to appeal to the general counsel. Id. . . . . An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels. The appeal to the office of the general counsel is the final administrative appeal provided by the BOP. 28 C.F.R. § 542.15.

Id. at 349 n.2.

According to the Assistant Counsel for the Southeast Regional Office of the Federal Bureau of Prisons ("BOP"), "there is no record of [Plaintiff] filing any administrative remedies relative to the alleged assault at USP Atlanta." [Doc. 20, Declaration of J. Latease Bailey at ¶ 10]. While submitting evidence that "he has now already begun to exhaust his administrative remedy," Plaintiff concedes that he has failed to exhaust all available administrative remedies as to his excessive force claim. [Doc. 23 at 1-3, Exs. A and B]. Plaintiff argues, however, that this Court should waive the exhaustion requirement based on the inadequacy of the BOP's remedial scheme regarding requests for damages and the futility of pursuing such an administrative remedy. [Doc. 23 at 1-2].

AO 72A
(Rev.8/82)

As noted above, inadequacy of a particular remedy and futility in pursuing such a remedy cannot serve to excuse the exhaustion requirement set forth in § 1997e(a). Johnson, 418 F.3d at 1155; Alexander, 159 F.3d at 1325. Further, contrary to Plaintiff's suggestion, this Court cannot suspend the instant proceedings while Plaintiff exhausts each level of the administrative process. See Avant v. Brown, No. 4:04-CV-00187, 2007 WL 1020336 at 4 (N.D. Fla. March 30, 2007) (recognizing that "[t]here is no discretion to waive [the exhaustion] requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to suit").[3] Pursuant to the controlling decision in Johnson, this Court must therefore strictly apply the exhaustion requirement with respect to Plaintiff's excessive force claim asserted in the instant action. Thus, in the absence of any genuine issue of material fact, this Court finds that Defendants are entitled to summary judgment

---

[3] Plaintiff states that he filed the instant Bivens complaint so that the applicable statute of limitations would not expire. [Doc. 23 at 2-3]. With regard to the instant action, the applicable statute of limitations is two years. See Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998); Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). As discussed herein, this Court is compelled by controlling authority to dismiss the instant action. Nevertheless, should Plaintiff raise his excessive force claim in a future Bivens action following the exhaustion of all administrative remedies, the reviewing court may consider whether the limitation period is tolled for the period during which the available remedies were exhausted. See Leal v. Georgia Dept. of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001).

based on Plaintiff's failure to exhaust the three-level administrative-remedy process available through the BOP.

### III. Conclusion

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment [Docs. 20] is **GRANTED** and that the instant complaint is hereby **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to exhaust his administrative remedies.

**IT IS SO ORDERED**, this 24th day of December, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE